# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NEWBURY COMMON ASSOCIATES, LLC, *et al.*, | Case No. 15-12507 (LLS) |
|  | Jointly Administered |
| Debtors. |  |
| FIRST AMERICAN TITLE INSURANCE COMPANY, | Adversary Proceeding No. 17-[   ] (LSS) |
| Plaintiff, |  |
| vs. |  |
| UCF I TRUST 1, |  |
| Defendant. |  |

## COMPLAINT

Plaintiff First American Title Insurance Company ("First American"), as and for its Complaint against UCF I Trust 1 ("UCF"), alleges as follows:

## NATURE OF ACTION

1. In connection with confirmation of the Debtors' Amended Plan of Reorganization,[1] First American and UCF (along with the Debtors and other parties) entered into

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Newbury Common Associates, LLC (3783); Seaboard Realty, LLC (6291); 600 Summer Street Stamford Associates, LLC (6739); Seaboard Hotel Member Associates, LLC (8984); Seaboard Hotel LTS Member Associates, LLC (6005); Park Square West Member Associates, LLC (9223); Seaboard Residential, LLC (2990); One Atlantic Member Associates, LLC (4120); 88 Hamilton Avenue Member Associates, LLC (5539); 316 Courtland Avenue Associates, LLC (0290); 300 Main Management, Inc. (6365); 300 Main Street Member Associates, LLC (2334); PSWMA I, LLC (6291); PSWMA II, LLC (6291); Tag Forest, LLC (8974); Newbury Common Member Associates, LLC (3909); Century Plaza Investor Associates, LLC (1480); Seaboard Hotel Associates, LLC (2281); Seaboard Hotel LTS Associates, LLC (8811); Park Square West Associates, LLC (9781); Clocktower Close Associates, LLC (3154); One Atlantic Investor Associates, LLC (7075); 88 Hamilton Avenue

a settlement agreement dated May 16, 2017 (the "Settlement Agreement") which was approved by this Court pursuant to an order entered on May 18, 2017 (the "Settlement Order") [ECF # 1804]. True and correct copies of the Settlement Agreement and Settlement Order are attached hereto and incorporated by reference as Exhibits 1 and 2.

2. The Settlement Order is a final order. The period to appeal the Settlement Order has expired.

3. Pursuant to the Settlement Agreement, UCF released First American "of and from any and all manner of action or actions, cause or causes of action, in law or equity, suits, debts, liens, contracts, agreements, insurance policies, promises, liabilities, claims (including, but not limited to, claims for attorney's fees, costs and sanctions), counterclaims, damages, demands, losses, costs, or expenses of any nature, currently existing or arising in the future, whether known or unknown, suspected or unsuspected, fixed or contingent, concealed or hidden, latent or patent, that UCF asserted or could have asserted against such parties (whether derivatively or directly), related in any way to the Properties, the Mortgage Claims, the 88 Hamilton Lien Dispute, the Disputes, the Claims of All Parties, and/or the Bankruptcy Proceedings. …" *See* Section 6(c), page 11 of Settlement Agreement.

4. Notwithstanding the foregoing, UCF contends that it continues to possess an insurance claim against First American in connection with an insurance policy issued to UCF in connection with loans and real estate associated with the Debtors. This Complaint seeks (a) a determination that such claim was released by UCF pursuant to the Settlement Agreement, and (b) an order by the Court enjoining UCF from continuing to assert such claims.

---

Associates, LLC (5749); 220 Elm Street I, LLC (7540); 300 Main Street Associates, LLC (8501); and 220 Elm Street, II (7625). The Debtors' corporate headquarters is located at, and the mailing address for each Debtor is, 1 Atlantic Street, Stamford, CT 06901.

**JURISDICTION AND VENUE**

5.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334 and 2201. This adversary proceeding arises from the above-captioned chapter 11 cases pending in this Court. This adversary proceeding is a proceeding to obtain a declaratory judgment and to have the Court enforce the Settlement Agreement and Settlement Order pursuant to Bankruptcy Rules 7001(7) and 7001(9). This is a core proceeding under 28 U.S.C. § 157(b).

6.  Venue is proper in this Court under 28 U.S.C. § 1409. The Parties agreed that this Court possesses "exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Settlement." *See* Section 17, page 17 of the Settlement Agreement.

**PARTIES**

7.  First American is a Nebraska corporation with its principal place of business in Santa Ana, California.

8.  UCF is a statutory trust organized under the laws of the State of Delaware. Upon information and belief, UCF maintains its principal place of business in Boston, Massachusetts.

**FACTUAL BACKGROUND**

9.  First American issued an Eagle 9 UCC Insurance Policy (the "Policy") to UCF dated November 1, 2012 in connection with a $12,000,000 loan that UCF was providing to the Debtors. The Policy insured that UCF had a properly perfected security interest in debtor PSWMA I, LLC's alleged ownership interest in debtor Park Square West Member Associates, LLC. Park Square West Member Associates, LLC ("PSW") owned the real property and improvements located at 101 Summer Street, Stamford, CT (the "Park Square Property") which

was ultimately sold in the Debtors' bankruptcy proceedings. PSWMA I, LLC ("PSWMA I") allegedly owned 100% of PSW.

10. Between December 2015 and February 2016, the Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code.

11. UCF sent a letter to First American dated September 8, 2016 (the "September 8 Letter"). In the September 8 Letter, UCF notified First American that the Debtors had filed for bankruptcy protection and that it may have a claim under the Policy because it alleged that it appeared that PSWMA I may not own 100% of PSW although it was not clear at that time to UCF.

12. By letter dated March 17, 2017 (the "March 17 Letter"), UCF formally asserted a claim under the Policy (collectively with all claims that UCF did or could assert under the Policy, the "Claim"). It stated in that letter that debtor PSWMA I did not own 100% of debtor PSW and that it suffered a loss under the Policy because it did not have a perfected security interest in the ownership of debtor PSW.

13. Subsequent to the March 17 Letter, UCF engaged in a mediation with the Debtors, CPR Money, LLC, Annemid Noteholder RI, LLC, Wilmington Trust, N.A., Chicago Title Insurance Company, Cedar Hill Capital, LLC and First American. The mediation and ultimate settlement resolved all matters related to, among other things, UCF's alleged claims against First American including without limitation the Claim.

14. Specifically, the Settlement Agreement provides that UCF released First American "of and from any and all manner of action or actions, cause or causes of action, in law or equity, suits, debts, liens, contracts, agreements, insurance policies, promises, liabilities, claims (including, but not limited to, claims for attorney's fees, costs and sanctions),

counterclaims, damages, demands, losses, costs, or expenses of any nature, currently existing or arising in the future, whether known or unknown, suspected or unsuspected, fixed or contingent, concealed or hidden, latent or patent, that UCF asserted or could have asserted against such parties (whether derivatively or directly), related in any way to the Properties, the Mortgage Claims, the 88 Hamilton Lien Dispute, the Disputes, the Claims of All Parties, and/or the Bankruptcy Proceedings. …" *See* Section 6(c), page 11 of Settlement Agreement.

15. The Settlement Agreement provides that it is governed by the laws of the State of Delaware and that this Court shall have exclusive jurisdiction to hear and determine any claims or disputes with respect to the Settlement Agreement. *See* Section 17, page 17 of the Settlement Agreement.

16. UCF was represented by sophisticated and experienced counsel in connection with the Settlement Agreement.

17. The Effective Date of the Settlement Agreement has occurred and the releases granted under the Settlement Agreement and Settlement Order are in effect and enforceable.

18. Notwithstanding the clear release contained in the Settlement Agreement, UCF contends that it still possesses a claim under the Policy.

## CLAIMS FOR RELIEF

### COUNT I – DECLARATORY JUDGMENT – 28 U.S.C. § 2201

19. Paragraphs 1-18 of this Complaint are incorporated by reference herein.

20. At all times, First American has performed and complied with all of the terms of the Settlement Agreement and Settlement Order.

21. Pursuant to the Settlement Agreement and Settlement Order, UCF's Claim against First American was released.

22. UCF continues to assert that its Claim is still valid.

23. There exists an actual controversy between First American and UCF regarding whether UCF's Claim was released by the Settlement Agreement and Settlement Order.

24. First American seeks a judicial declaration of its rights under the Settlement Agreement and Settlement Order and a determination that the Claim was released. Such a declaration will terminate the controversy and will serve a useful purpose in clarifying and establishing that the Claim was released and that UCF is not permitted to continue asserting the Claim.

WHEREFORE, First American requests that the Court:

(A)  Declare that UCF's Claim was released by the Settlement Agreement and Settlement Order;

(B)  Declare that UCF's continuing pursuit of the Claim constitutes a breach of the Settlement Agreement; and

(C)  Grant First American such other and further relief as is just and appropriate under the circumstances.

## COUNT II – BREACH OF CONTRACT/SPECIFIC PERFORMANCE/INJUNCTION

25. Paragraphs 1-24 of this Complaint are incorporated by reference herein.

26. UCF and First American are parties to the Settlement Agreement.

27. First American has performed and complied with all of its obligations under the Agreement.

28. Pursuant to Section 6(c) of the Settlement Agreement, UCF released the Claim against First American.

29. UCF's continuing assertion of the Claim constitutes a breach of UCF's obligations under the Settlement Agreement and Settlement Order.

30. UCF's continuing assertion of the Claim is harming First American.

31. First American does not have an adequate remedy at law.

WHEREFORE, First American respectfully requests that the Court:

(A) Enter an order in favor of First American and against UCF finding that the UCF has breached the terms of the Settlement Agreement by continuing to assert the Claim;

(B) Enter an order requiring UCF to specifically perform its obligations under the Settlement Agreement and Settlement Order;

(C) Permanently enjoin UCF from asserting any claims under the Policy against First American including without limitation the Claim; and

(D) Grant First American such other and further relief as is appropriate under the circumstances.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: July 13, 2017<br>Wilmington, Delaware | **DLA PIPER LLP (US)**<br><br>/s/ Stuart M. Brown<br>Stuart M. Brown (DE Bar I.D. 4050)<br>1201 North Market Street, Suite 2100<br>Wilmington, DE 19801-3046<br>Phone: (302) 468-5700<br>Fax: (302) 394-2341<br>stuart.brown@dlapiper.com<br><br>and<br><br>Richard M. Kremen<br>Dale K. Cathell<br>DLA Piper LLP (US)<br>6225 Smith Avenue<br>Baltimore, MD 21209<br>Phone: (410) 580-4122<br>Fax: (410) 580-3122<br>dale.cathell@dlapiper.com<br>richard.kremen@dlapiper.com |